~~SEALED~~

s/ AlexandraS

ORDERED UNSEALED on 02/06/2023   s/ Alexandra

**FILED**

Feb 02 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ danielm  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. '23 CR0177 RSH |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Secs. 2261A(2)(B) and 2261(b)(5) - Cyberstalking |
| THEODORE E. ESSENFELD, | |
| Defendant. | |

The grand jury charges:

**Introductory Allegations**

1. At all times material to this Indictment, Victim A was a private person.

2. Victim A met defendant THEODORE E. ESSENFELD when they were both residing in San Diego County. In or about the spring of 2018 they began dating.

3. In or about January 2020, defendant ESSENFELD moved to Colorado. Victim A remained in San Diego County.

4. In or about May 2021, Victim A moved to Colorado.

5. In or about August 2021, defendant ESSENFELD and Victim A broke up.

SLF:nlv:San Diego:2/1/23

6. In or about January 2022, defendant ESSENFELD moved back to San Diego County.

## Count 1

(18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5))

7. Beginning on or about November 1, 2020, through on or about May 12, 2022, within the Southern District of California, and elsewhere, defendant THEODORE E. ESSENFELD, with the intent to harass and intimidate Victim A, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and facility of interstate and foreign commerce, namely Facebook, LinkedIn, Yahoo, interstate wires, cellular telephone networks, and the Internet to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim A.

8. Defendant's course of conduct included, among other acts, the following:

    a. Defendant ESSENFELD registered email accounts, a Facebook account, a LinkedIn account, and a disposable cell phone account in Victim A's name without her knowledge or consent.

    b. Defendant ESSENFELD used Victim A's name, likeness, and biographical information to make the Facebook and LinkedIn accounts falsely appear to be Victim A's personal social media accounts without her knowledge or consent.

    c. Defendant ESSENFELD used the email accounts and disposable cell phone account that he had registered in Victim A's name to conceal his true identity as the creator and operator of the Facebook and LinkedIn accounts he created using Victim A's name, likeness, and biographical information without her knowledge or consent.

d. Defendant ESSENFELD used the Facebook and LinkedIn accounts that he registered with Victim A's name, likeness, and biographical information to harass and intimidate her. For example:

i. Defendant ESSENFELD, using the imposter Victim A Facebook account he created, activated Facebook's Dating App and joined other Facebook dating "Groups" to make it falsely appear as though Victim A was using the imposter Facebook account to find dates. To stimulate engagement on Facebook's Dating site, defendant ESSENFELD "liked" dating profiles of other Facebook users and posted images and messages falsely purporting to be from Victim A.

ii. Defendant ESSENFELD, using the imposter Victim A Facebook account he created, posted adult-content media files that falsely appeared to be posted by Victim A.

iii. Defendant ESSENFELD, using the imposter Victim A Facebook account he created, posted erotic photos and videos of Victim A that she had privately shared with him during their relationship.

iv. Defendant ESSENFELD, using the imposter Victim A Facebook account he created, posted private and obscene photos of Victim A to a Facebook photo album entitled, "Bedroom Fun."

v. Defendant ESSENFELD drew attention to the imposter Victim A Facebook account by linking the account, through Facebook engagement tools like "likes," "info," "connections," and "groups", to people and institutions that Victim A knew, including her employer and alma mater.

//
//

vi.     Defendant ESSENFELD falsely represented on the imposter LinkedIn account he created for Victim A that her professional occupation was "Pole Dancer."

All in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

DATED: February 2, 2023.

RANDY GROSSMAN
United States Attorney

By: *signature*
SABRINA L. FEVE
Assistant U.S. Attorney

4